No. 23-20131

# In the United States Court of Appeals for the Fifth Circuit

CRAIG PRICE, II,

*Plaintiff-Appellant,*

v.

VALVOLINE, LLC,

*Defendant, Appellee.*

APPEAL OF JUDGMENT OF THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

**REPLY BRIEF OF PLAINTIFF-APPELLANT CRAIG PRICE, II**

KEVIN M. GROSS
Ohio Bar No. 0097343
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
Phone: (216) 514-6400
Fax: (216) 514-6406
Email: kgross@zipkinwhiting.com

*Counsel for Plaintiff-Appellant
Craig Price, II*

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................... i

TABLE OF AUTHORITIES ................................................................ ii

I.    ARGUMENT ........................................................................ 1

A.  Price is placing renewed emphasis on facts which were properly before the district court, but which were not properly considered by the district court ....................................................... 1

B.  While the direct evidence standard requires that discriminatory comments prove, without inference or presumption, that race was a motivating factor in Price's termination, the overriding Fed. R. Civ. P. 56 standard requires that all reasonable inferences be construed in Price's favor........... 4

C.  Valvoline waived its right to assert the "same action" affirmative defense by not arguing for its application on summary judgment. Consequently, Valvoline cannot now raise this affirmative defense on appeal .................................................. 6

II.   CONCLUSION ...................................................................... 8

CERTIFICATE OF SERVICE ........................................................... 9

# TABLE OF AUTHORITIES

## Federal Cases

*Adickes v. S.H. Kress & Co.*,
   398 U.S. 144 (1970) .................................................................. 4

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................. 4

*Bankers Life & Casualty Co. v. Crenshaw*,
   486 U.S. 71 (1988) .................................................................... 2

*Dewey v. Des Moines*,
   173 U.S. 193 (1899) .................................................................. 2

*Federal Election Commission v. Lance*,
   617 F.2d 365 (5th Cir. 1980) ................................................... 3

*Forsyth v. Barr*,
   19 F.3d 1527 (5th Cir. 1994) ................................................... 3

*Gen. Refractories Co. v. First State Ins. Co.*,
   855 F.3d 152 (3d Cir. 2017) .................................................... 2

*Hudson v. CitiMortgage, Inc.*,
   582 Fed. App'x 537 (5th Cir. 2014) ........................................ 2

*Illinois v. Gates*
   462 U.S. 213 (1983) .................................................................. 2

*In re La. Crawfish Producers*,
   852 F.3d 456 (5th Cir. 2017) ................................................... 4

*Keen v. Miller Envtl. Grp., Inc.*,
   702 F.3d 239 (5th Cir. 2012) ................................................... 3

*Rushing v. Kan. City S. Ry. Co.,*
  185 F.3d 496 (5th Cir. 1999) .................................................................. 7

*Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.,*
  200 F.3d 307 (5th Cir. 2000) .................................................................. 7

*United Black Firefighters Ass'n v. Akron,*
  976 F.2d 999 (6th Cir. 1992) .................................................................. 2

*Vela v. City of Houston,*
  276 F.3d 659 (5th Cir. 2001) .................................................................. 6

*Yee v. Escondido,*
  503 U.S. 519 (1992) .................................................................. 2

## Federal Statutes

42 U.S.C. § 2000e-5(g)(2)(B) .................................................................. 6

## Federal Rules

Fed. R. Civ. P. 56 .................................................................. 5

## I.     ARGUMENT

**A.     Price is placing renewed emphasis on facts which were properly before the district court, but which were not properly considered by the district court.**

Price is not advancing a new legal theory of relief on appeal, nor is Price introducing new facts not considered by the district court. In opposing summary judgment, Price provided the district court with Jeffrey Brown's declaration, which, exclusive of the signature page, was only three pages and fifteen numbered paragraphs. ROA.272–74. It is evident from the district court's opinion that it did review Brown's declaration; however, the district court's opinion also reveals that the evidence of Valvoline's discriminatory intent found within Brown's declaration—the gleeful, repeated use of the n-word by Harris—was not considered as it should have been. ROA. 414–17. Harris was, of course, the person who terminated Price. ROA.166–69.

On appeal, Price has placed a renewed emphasis on parts of the record, including Brown's declaration, which the district court did not adequately or properly consider on summary judgment. Valvoline now believes this to be "additional statements that were not raised with the

District Court." Appellee Br. at 16. That could not be farther from the truth, both factually and legally.

"Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. Escondido*, 503 U.S. 519, 534 (1992) (citing *Bankers Life & Casualty Co. v. Crenshaw*, 486 U.S. 71, 78, n. 2 (1988); *Illinois v. Gates*, 462 U.S. 213, 219–20 (1983); *Dewey v. Des Moines*, 173 U.S. 193, 197–98 (1899)).

Thus, "while parties may not raise new arguments, they may place greater emphasis on an argument or more fully explain an argument on appeal," and may even "reframe their argument within the bounds of reason." *Gen. Refractories Co. v. First State Ins. Co.*, 855 F.3d 152, 162 (3d Cir. 2017) (internal citations and quotations omitted). Phrased differently, raising a general issue in the district court below is sufficient to preserve a more specific aspect of the same issue on appeal. *See United Black Firefighters Ass'n v. Akron*, 976 F.2d 999, 1005 (6th Cir. 1992).

This is not a situation where Price is advancing an alternative legal theory of liability not argued below. *See Hudson v. CitiMortgage, Inc.*, 582 Fed. App'x 537 (5th Cir. 2014) (holding that a new legal argument

regarding a person's authority to execute an assignment of a note could not be raised for the first time on appeal); *Federal Election Commission v. Lance*, 617 F.2d 365, 374 (5th Cir. 1980) (discussing whether a purely legal first amendment challenge not raised in the district court could be raised on appeal).

Nor is this a situation where Price is proffering improper evidence to substantiate his claims on appeal. *See Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 249 (5th Cir. 2012) (finding that the report of a "human resources expert," even though it was properly before the district court, could never create "a genuine issue of material fact as to duty" in a negligence case); *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (finding that the appellants "offered only vague, conclusory assertions that" the record supported their claims without indicating which portions of the record so supported their claims).

Instead, this is a case where the court below analyzed and considered whether Price made out a claim of discrimination through direct evidence, using the same standards and record which this Court will also use.

**B.    While the direct evidence standard requires that discriminatory comments prove, without inference or presumption, that race was a motivating factor in Price's termination, the overriding Fed. R. Civ. P. 56 standard requires that all reasonable inferences be construed in Price's favor.**

"All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.") (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

It is a reasonable inference that Harris's repeated, intentional, and joyful use of the n-word evinces a racial animus used to terminate Price's employment. Indeed, Harris did not need to use the n-word when speaking with Brown; rather, Harris could have said "n-word" out of respect for Brown. Harris's use of the n-word speaks volumes about his racial animus, and directly contradicts the district court's statement that "Harris did not explicitly express dismay towards African-Americans[.]" ROA.417. The district court erred by omitting from consideration Price's evidence showing that Harris, the supervisor who terminated his

4

employment, was in fact motivated by a discriminatory animus against African Americans.

Likewise, Harris's stated desire to achieve more diversity in the *predominantly* African American workplace *required* the district court to infer that Harris did desire to have less African Americans in the workplace. In determining that Price could not establish that his race was a motivating factor in Valvoline's decision to terminate his employment, the district court stated that Price's "evidence requires that the Court *infer* that Harris terminated [Price] based on race." ROA.416 (emphasis added).

Thus, the district court's holding that this "could have meant that [Harris] was interested in hiring more women or people of nationalities" was an inference in favor of Valvoline, the movant, instead of in favor of Price, the non-movant, violating the requirement of Fed. R. Civ. P. 56. ROA.417. Not long after Harris made his diversity comments, Harris terminated Price's employment just as Brown indicated would happen in his declaration. ROA.272–76.

**C.  Valvoline waived its right to assert the "same action" affirmative defense by not arguing for its application on summary judgment. Consequently, Valvoline cannot now raise this affirmative defense on appeal.**

The "same action" affirmative defense, which is codified in Section 706 of Title VII of the Civil Rights Act of 1964, limits a claimant's available relief to "declaratory relief, injunctive relief * * *, and attorney's fees and costs" in cases where the claimant "proves a violation" by a preponderance of the evidence, but the respondent *also* proves by a preponderance of the evidence that it "would have taken the same action in the absence of the impermissible motivating factor." 42 U.S.C § 2000e-5(g)(2)(B).

Like any other affirmative defense, Valvoline's ability to assert the "same action" defense can be waived if not timely raised and asserted— and that is precisely what has occurred here. *Vela v. City of Houston*, 276 F.3d 659, 678 (5th Cir. 2001) (holding that a defendant abandoned a defense raised in its answer by failing to reassert it in a summary judgment motion).

Valvoline argues at length now about how it would have terminated Price regardless of any racial bias inherent in the discriminatory conduct instigated by Harris and Motz. Appellee Br. at 20–23. But this argument

was neither raised nor vetted on summary judgment before the district court, making Valvoline's current presentation of this affirmative defense untimely. But even if Valvoline had raised this affirmative defense on summary judgment, it would not defeat Price's claims, it would only *limit* his available recovery.

Valvoline must carry the ultimate burden of persuasion on each of its affirmative defenses. *See Rushing v. Kan. City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999). This means that on summary judgment below, Valvoline was required to "adduce evidence to support each element of its defenses and demonstrate the lack of any genuine issue of material fact with regard thereto." *Rushing*, 185 F.3d at 505. But Valvoline did not so "adduce evidence" on summary judgment, nor did it even broach the subject of the "same action" affirmative defense in its summary judgment motion. Accordingly, Valvoline cannot now raise this issue for the first time on appeal. "It is a bedrock principle of appellate review that claims raised for the first time on appeal will not be considered." *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316–17 (5th Cir. 2000).

## II.  CONCLUSION

Based on the foregoing, and in conjunction with the arguments raised in Price's Opening Brief, this Court should reverse the trial court's grant of summary judgment in favor of Valvoline, LLC and remand the matter so Price's claims can be tried to a jury.

Respectfully submitted,

/s/ Kevin M. Gross

Kevin M. Gross
Ohio Bar No. 0097343
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
Phone: (216) 514-6400
Fax: (216) 514-6406
Email: kgross@zipkinwhiting.com

*Counsel for Plaintiff-Appellant*
*Craig Price, II*

**CERTIFICATE OF SERVICE**

I certify that on this 31st day of August, 2023, I filed the *Reply Brief of Plaintiff-Appellant Craig Price, II* electronically with the Clerk of the United States Court of Appeals for the Fifth Circuit. The Court's ECF system will automatically generate and send by email a Notice of Docket Activity to all registered attorneys currently participating in this case, constituting service on those attorneys.

Respectfully submitted,

/s/ Kevin M. Gross
KEVIN M. GROSS
Ohio Bar No. 0097343

*Counsel for Plaintiff-Appellant Craig Price, II*